UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DARNELL WALKER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:16-cv-01404 (SRU) |
| WARDEN CHAPDELAINE, et al.,<br>    Defendants. | :<br>:<br>: |

**RULING AND ORDER**

The plaintiff, Darnell Walker, is an inmate currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut.  He moves the court for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this civil rights action.

It is well settled that the decision to proceed *in forma pauperis* in civil cases is committed to the sound discretion of the district court.  *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002).  A litigant need not be absolutely destitute in order to qualify for *in forma pauperis* status.  The court considers whether the burden of paying the fees for filing and service would hamper the plaintiff's ability to obtain the necessities of life or force him to abandon the action.  *See Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983).

Walker completed his application to proceed *in forma pauperis* on August 7, 2016.  In the application, which he signed under penalty of perjury, Walker states that he is unable to pay the

1

filing fee because of his indigence.  He claims that he has no money in his inmate account and that he has not received income from any source in the last twelve months.  *See* Application to Proceed *In Forma Pauperis*, Doc. No. 2 at 1–3.

Attached to Walker's application is a ledger statement from his prisoner account for the period of February 10, 2016 to August 10, 2016.  That statement shows deposits to Walker's account of $50.00 or more at least once a month beginning on March 24, 2016.  *See id.*, Doc. No. 2-1.  Furthermore, it has come to the court's attention that on January 13, 2016, Walker reached an agreement with the defendants in four cases filed in this court to settle those cases for a sum of $2,800.00.  *See Walker v. Quiros*, No. 3:11-cv-00082 (MPS), Settlement Agreement, Doc. No. 124.[1]  Walker makes no mention of that settlement agreement or the amount due to him pursuant to the agreement.  It is apparent that contrary to Walker's assertions in his application to proceed *in forma pauperis*, he did receive income in the last twelve months and deposits were made to his inmate account during the six-month period prior to his filing the application.

In view of the information regarding the false statements in Walker's application to proceed *in forma pauperis* pertaining to his income, the court concludes that the plaintiff has not demonstrated that he is unable to pay the $400.00 filing fee.  Accordingly, the Order Granting the Application to Proceed *In Forma Pauperis* [**Doc. No. 6**] is **VACATED**.  The Application to Proceed *In Forma Pauperis* [**Doc. No. 2**] is **DENIED**.  All further proceedings in the matter shall be held in abeyance for 30 days pending the plaintiff's delivery of the filing fee in the amount of $400.00 (cash or bank check made payable to the Clerk of Court) to the Clerk's Office, 915

---

[1] The other three cases are *Walker v. Sharp*, No. 3:13-cv-00040 (MPS); *Walker v. Dzurenda*, No. 3:15-cv-01212 (MPS); and *Walker v. Graham*, No. 3:15-cv-01330 (MPS).

Lafayette Blvd., Bridgeport, CT 06604. Failure to tender the filing fee within 30 days of this order will result in the dismissal of the action.

    SO ORDERED at Bridgeport, Connecticut this 12th day of September 2016.

                /s/ Stefan R. Underhill
                STEFAN R. UNDERHILL
                UNITED STATES DISTRICT JUDGE