UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DARNELL WALKER,<br>    Plaintiff,<br><br>    v.<br><br>WARDEN CHAPDELAINE, et al.,<br>    Defendants. | No. 3:16-cv-01404 (SRU) |

## RULING AND ORDER

The plaintiff, Darnell Walker, is an inmate currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut. On September 12, 2016, I vacated a prior order granting Walker's application for leave to proceed *in forma pauperis* because he had included inaccurate statements in the application pertaining to his income during the twelve-month period prior to filing this action. *See* Order, Doc. No. 7 (vacating Order, Doc. No. 6). Specifically, I noted that the ledger statement from Walker's prisoner account for the period of February 10, 2016 to August 10, 2016 reflected deposits to the account of $50.00 or more at least once a month beginning on March 24, 2016. *See id.* at 2 (discussing Tr. Account Statement, Doc. No. 2-1). In addition, on January 13, 2016, Walker reached an agreement with the defendants in four cases filed in this court to settle those cases for a sum of $2,800.00. *See* Settlement Agreement, *Walker v. Quiros*, Case No. 3:11-cv-00082, Doc. No. 124. Walker neglected to list any of the deposits to his account or to mention the settlement agreement or the amount due to him pursuant to that agreement in his application for leave to proceed *in forma pauperis.*

1

Because Walker had not demonstrated that he was unable to pay the $400.00 filing fee, in my September 12, 2016 order, I denied the application for leave to proceed *in forma pauperis* and directed Walker to pay the filing fee. In response, Walker has filed a declaration, a motion for judgment on the pleadings and a new motion for leave to proceed *in forma pauperis*.

It is well settled that the decision to proceed *in forma pauperis* in civil cases is committed to the sound discretion of the district court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002). A litigant need not be absolutely destitute in order to qualify for *in forma pauperis* status. The court considers whether the burden of paying the fees for filing and service would hamper the litigant's ability to obtain the necessities of life or force him to abandon the action. *See Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

The Clerk has docketed Walker's declaration as a motion for reconsideration. Doc. No. 8. Walker's motion for judgment on the pleadings also seeks reconsideration of my order denying the application to proceed *in forma pauperis*. *See* Doc. No. 9. In addition, Walker has filed a new motion for leave to proceed *in forma pauperis*. Doc. No. 10.

In his declaration, Walker explains that he only received $300.00 of the $2,800.00 settlement amount. *See* Decl., Doc. No. 8, at 2. He asserts that the rest of the settlement amount was signed over to his brother, Thomas Walker, to pay off debts that he owed to his brother. *See id.* He does not attach any evidence of this transaction and fails to explain why he did not list the $300.00 from the settlement agreement on his application to proceed *in forma pauperis*.

Walker acknowledges that he in fact had received monetary gifts from his sister and mother during the twelve-month period prior to filing this action. *See id.* He states that he is sorry for the misunderstanding. *Id.*

In the motion for judgment on the pleadings, Walker concedes that he does receive $75.00 to $100.00 each month from relatives. *See* Mot. J. Pleadings, Doc. No. 9, at 2. He does not explain, however, why he neglected to mention these monetary gifts in his application to proceed *in forma pauperis* and instead falsely stated that he had received no money as gifts or from another source during the twelve months preceding the filing of the action. *Cf.* Mot. for Leave Proc. *In Forma Pauperis*, Doc. No. 2, at 1–3.

Walker has pointed to no information that I overlooked in denying his original application to proceed *in forma pauperis*. Thus, I deny Walker's motions for reconsideration.

Although Walker filed a new application to proceed *in forma pauperis,* he did not use the Prisoner's Application form. *See* Mot. for Leave Proc. *In Forma Pauperis*, Doc. No. 10. Nor did Walker attach the necessary six-month ledger sheet or the prisoner authorization form, both of which are required if a plaintiff is an inmate seeking leave to proceed *in forma pauperis*. *See id.* Accordingly, I deny the new application to proceed *in forma pauperis*.

## Conclusion

The Declaration [**Doc. No. 8**], which the Clerk has docketed as a motion for reconsideration; the Motion for Judgment on the Pleadings [**Doc. No. 9**]; and the new Application to Proceed *In Forma Pauperis* [**Doc. No. 10**] are **DENIED**. The Motion to Advance

[**Doc. No. 11**] is **DENIED** as moot. Because Walker has not paid the filing fee, the case is **DISMISSED** without prejudice. The Clerk shall close the case.

If Walker wishes to proceed in this matter, he may file a motion to reopen accompanied by a new Prisoner Application to Proceed *In Forma Pauperis* in a Civil Rights Action. The motion to reopen must show cause why Walker neglected to list the amounts that he had received during the twelve months prior to filing this action in the prior application to proceed *in forma pauperis*. The new prisoner application to proceed *in forma pauperis* must accurately list the amounts of money Walker has received from any source during the past twelve months, and must include a ledger sheet showing at least the last six months of transactions in his prisoner account.

So ordered this 9th day of January 2017 at Bridgeport, Connecticut.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge