UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DARNELL WALKER,
    Plaintiff,

v.

WARDEN CHAPDELAINE, et al.,
    Defendants.

No. 3:16-cv-01404 (SRU)

## RULING ON PENDING MOTIONS

The plaintiff, Darnell Walker, is an inmate currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut. On September 12, 2016, I vacated a prior order granting Walker's application for leave to proceed *in forma pauperis* because he had included false statements in the application pertaining to his income during the twelve month period prior to filing this action. *See* Order, Doc. No. 7. Specifically, I noted that the ledger statement from Walker's prisoner account for the period of February 10, 2016 to August 10, 2016 reflected deposits to the account of $50.00 or more at least once a month beginning on March 24, 2016. *See* Doc. No. 2-1. In addition, on January 13, 2016, Walker reached an agreement with the defendants in four cases filed in this court to settle those cases for a sum of $2,800.00. *See* Settlement Agreement, Doc. No. 124, *Walker v. Quiros*, No. 3:11-cv-00082 (MPS) (D. Conn.). Walker neglected to list any of the deposits to his account or to mention the settlement agreement or the amount due to him pursuant to that agreement in his application for leave to proceed *in forma pauperis.*

1

Because Walker's allegation of indigence was untrue and he had not demonstrated that he was unable to pay the $400.00 filing fee, I denied the application for leave to proceed *in forma pauperis* and directed Walker to pay the filing fee. In response to that order, Walker filed a declaration—which the Clerk docketed as a motion for reconsideration, Doc. No. 8—a motion for judgment on the pleadings, Doc. No. 9, and a new application to proceed *in forma pauperis*, Doc. No. 10. I construed the latter as a motion for reconsideration of my ruling denying Walker's application for leave to proceed *in forma pauperis*.

In reviewing both motions for reconsideration, I considered Walker's explanation regarding the amount of money he allegedly received from the settlement of a prior case and his apology for the misunderstanding regarding the deposits of money to his inmate account from family members. *See* Ruling & Order, Doc. No. 12, at 2–3. I noted, however, that Walker had still not explained why he neglected to mention the gifts from his family in his application to proceed *in forma pauperis*. *See id.* Because Walker had not identified any information that I had overlooked in denying his application to proceed *in forma pauperis*, I denied the motions for reconsideration, denied the new application to proceed *in forma pauperis* and dismissed the case without prejudice. *See id.*

Walker has now filed a motion to reopen, Doc. No. 14, a new application to proceed *in forma pauperis*, Doc. No. 15, a motion to compel, Doc. No. 17, and a motion for default, Doc. No. 18. For the reasons set forth below, I deny Walker's motions.

It is well settled that the decision to proceed *in forma pauperis* in civil cases is committed to the sound discretion of the district court. *See Rowland v. Cal. Men's Colony, Unit II Men's*

*Advisory Council*, 506 U.S. 194, 217–18 (1993); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002). A litigant need not be "absolutely destitute" in order to qualify for *in forma pauperis* status. *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The court should consider whether the burden of paying the fees for filing and service would hamper the litigant's ability to obtain the "necessities of life" or force him to abandon the action. *See id.*; *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam).

In his motion to reopen, Walker explains that he only received $300.00 of the $2,800.00 settlement amount. *See* Mot. Reopen, Doc. No. 14, at 2. He asserts that he did not consider the rest of the settlement amount as having been received by him because he signed the amount over to his brother via his attorney, Thomas Labelle. *See id.* Walker claims that he has made numerous attempts to contact Attorney Labelle in order to provide verification that he in fact signed over $2,500.00 of the settlement to his brother, but has been unable to reach him. *See id.* Walker does not indicate that he attempted to contact his brother to obtain verification that a portion of the settlement proceeds were in fact disbursed to his brother. Thus, Walker has not provided any evidence of the transaction involving the disposition of the settlement proceeds.

Walker also acknowledges that he had received monetary gifts from his sister and mother during the twelve month period prior to filing this action. *See id.* at 1. He claims that he did not think it was relevant to answer the questions on the application to proceed *in forma pauperis* truthfully and acknowledge his receipt of these gifts or the amount that he received from the settlement. *See id.* He states that the amounts were listed in his inmate account ledger sheet. He

claims that he now sees the relevance of acknowledging the gift and settlement amounts and apologizes for his "miscomprehension of it." *Id.* at 2.

In *Vann v. Commissioner of New York City Department of Correction*, 496 F. App'x 113 (2d Cir. 2012) (summary order), the Second Circuit considered a district court's dismissal of an action with prejudice for plaintiff's false statements in his application to proceed *in forma pauperis*. In his application, Vann had stated that he had only received $30.00 in the twelve months prior to filing the action. *See id.* at 115. In fact, Vann had received a total of $2,059.10 in deposits to his inmate account during the twelve-month period. *See id.* at 116. The district court found that Vann's allegation of poverty was untrue because he had "intentionally omitted" the deposits from the application to proceed *in forma pauperis*. *See id.*

The Second Circuit observed that Van was "an experienced litigator with extensive knowledge and familiarity with the *in forma pauperis* system." *See id.* at 116. Furthermore, the declaration filed in support of Vann's *in forma pauperis* application Vann clearly stated that "if [Vann] gave a 'false answer to any questions in [the] declaration,' [then] 'the [c]ourt shall dismiss th[e] case.'" *See id.* at 115. Finally, when provided with an opportunity to explain his inaccurate statements, "Vann failed to provide a credible justification for the omission." *See id.* at 116. The Second Circuit held that "the record clearly support[ed] the [d]istrict [c]ourt's finding" that Vann's allegation of poverty was untrue. *Id.* at 115. "Given the falsity of Vann's application and his declarations, Vann's bad faith . . . evidenced by his litigation experience and extensive familiarity of the *in forma pauperis* process, and Vann's failure to credibly explain or

4

correct his declarations when given an opportunity to do so," the Second Circuit affirmed the dismissal of Vann's complaint with prejudice. *Id.* at 116.

Walker, like Vann, is "an experienced litigator . . . familiar[] with the *in forma pauperis* system." *See id.* Over the past eleven years, along with the present case, Walker has sought leave to proceed *in forma pauperis* in seven other cases filed in this court. *See Walker v. Connecticut*, No. 3:06-cv-00165 (SRU) (D. Conn.); *Walker v. Prior*, No. 3:06-cv-00860 (JCH) (D. Conn.); *Walker v. Quiros*, No. 3:11-cv-00082 (MPS) (D. Conn.); *Walker v. Sharp*, 3:13-cv-00040 (MPS) (D. Conn.); *Walker v. Dzurenda*, No. 3:15-cv-01212 (MPS) (D. Conn.); *Walker v. Graham*, No. 3:15-cv-01330 (MPS) (D. Conn.); *Walker v. Semple*, 3:16-cv-01002 (DJS) (D. Conn.).

In light of that experience, I do not find credible Walker's explanation for failing to acknowledge and list the settlement award or the gifts he regularly received from his family. Walker states that the deposits to his account during the twelve months prior to filing this action did not put him in a position to pay the filing fee, and that he assumed the deposits could be verified in his six-month account statement. In fact, during the eight months prior to filing this action, $1,087.55 was deposited to the Walker's inmate account. *See* Application to Proceed *In Forma Pauperis*, Doc. No. 2-1; Application to Proceed *In Forma Pauperis*, Doc. No. 2-1, *Walker v. Semple*, No. 16-cv-01002 (DJS) (D. Conn. June 23, 2016). Whether or not Walker had spent that money for commissary purchases or gifted some of it to a relative, he still was required to accurately and truthfully answer the questions on the application to proceed *in forma pauperis*.

Moreover, Walker does not adequately address the disposition of settlement proceeds out of which he clearly could have paid the $400.00 filing fee to commence this action. Even if

Walker had provided evidence that he signed a portion of the settlement proceeds over to his brother, he has not shown that he could not have accessed the funds through his brother in order to pay the filing fee.

Nor can I credit Walker's statement that he did not think the answers to the questions on the *in forma pauperis* application were relevant. Previously, in an application to proceed *in forma pauperis* filed in 2013, Walker recognized that it was relevant to list a settlement amount that he had received in connection with a car accident. *See* Renewed Mot. to Proceed *In Forma Pauperis*, Doc. No. 8, at 1, *Walker v. Sharp*, No. 3:13-cv-00040 (MPS) (D. Conn. July 10, 2013).

The application to proceed *in forma pauperis* form used by Walker in this action very clearly states that he must "[a]nswer every question truthfully and accurately," and that he "may be prosecuted for perjury if [he] lie[s] on th[e] application." *See* Application to Proceed *In Forma Pauperis*, Doc. No. 2, at 2. After answering questions about income and expenses, an applicant must complete a "DECLARATION UNDER PENALTY OF PERJURY." *See id.* at 3. Walker signed the application and thus "declare[d] under penalty of perjury that he information [he] ha[d] provided . . . [was] true and correct." *See id.*

As an experienced litigator in federal court, Walker was familiar with the requirements of filing an action *in forma pauperis* and understood his obligation to answer the questions in the application truthfully. *Cf. Vann*, 496 F. App'x at 116. Although Walker now concedes that he did receive monetary gifts from relatives and settlement proceeds in the twelve months prior to filing the action, he has not adequately explained his failure to truthfully and accurately answer the questions in the application initially submitted to the court. I conclude that Walker's omissions

regarding his income were not minor misrepresentations made in good faith. *See id.* at 116. Accordingly, I adhere to my decision that Walker's allegation of poverty was untrue, and that the denial of his application to proceed *in forma pauperis* and dismissal of his case were not erroneous. *See* 28 U.S.C. § 1915(e)(2)(A) ("[T]he court shall dismiss the case at any time, if the court determines that . . . the allegation of poverty is untrue . . . .").

Therefore, I deny Walker's motion to reopen, his motion to compel, and his motion to default. I deny his renewed application to proceed *in forma pauperis* as moot.

## Conclusion

Walker's Motion to Reopen [**Doc. No. 14**], his Motion to Compel [**Doc. No. 17**], and his Motion for Default [**Doc. No. 18**] are **DENIED**. Walker's renewed Application to Proceed *In Forma Pauperis* [**Doc. No. 15**] is **DENIED** as moot. Any appeal of this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Walker is not precluded from initiating a new action by filing a complaint accompanied by either an accurate and truthful application to proceed *in forma pauperis* or the required filing fee.

So ordered.

Dated at Bridgeport, Connecticut this 24th day of August 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge